UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DEEPAK C. FADIA,

      Plaintiff,

  v.

NEW HORIZON HOSPITALITY,

      Defendant.

DECISION & ORDER

08-CV-6268CJS

---

  By order dated August 18, 2008, the above-captioned matter has been referred to the undersigned for the supervision of pretrial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(A) and (B). (Docket # 7). Plaintiff Deepak Fadia initiated this action alleging that defendant New Horizon Hospitality discriminated against him and subjected him to retaliation on the basis of his age. (Docket # 1). Currently before this Court is plaintiff's motion for the appointment of counsel. (Docket # 57).

  Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." This statute is understood to "guarantee [] meaningful access to the courts as required by the Constitution." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (quoting *Bounds v. Smith*, 430 U.S. 817, 823 (1977)). Unlike criminal defendants, however, civil litigants do not have a constitutional right to appointed counsel. *Id.* (citing *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984)). In determining whether to appoint counsel for a civil litigant, the court must first inquire whether the litigant can afford to obtain counsel. *Id.* at 61. *See also Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (before considering merits of litigant's position, court must ascertain whether litigant

is able to afford or otherwise obtain counsel). If not, the court then must consider whether the indigent's position "seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d at 61-62. Once these two threshold determinations are made, "the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; the indigent's ability to present the case; the complexity of the legal issues, and any special reason . . . why appointment of counsel would be more likely to lead to a just determination." *Id*. (citing *Maclin v. Freake*, 650 F.2d 885 (7th Cir. 1981)).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, that the appointment of counsel is not necessary at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id.* This, plaintiff has failed to do. Moreover, the legal issues in this case do not appear to be complex, nor does it appear that conflicting evidence will implicate the need for extensive cross-examination at trial. In addition, the Court also notes that there is a limited number of local attorneys available to handle cases on a *pro bono* basis. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) ("[e]very assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause").

Based on this review, plaintiff's motion for appointment of counsel **(Docket # 57)** is **DENIED** without prejudice at this time. It is plaintiff's responsibility, therefore, to retain an attorney or press forward with this action *pro se*.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       April  8 , 2010